**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>Plaintiff, )<br>vs. )<br>)<br>ABC VIATICALS INC., et al., )<br>Defendants. ) | No. 3:06-CV-2136-P |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the District Court's *Order of Reference*, filed April 8, 2010, before the Court is a *Motion for Leave to Proceed In Forma Pauperis* (doc. 264), received on April 5, 2010, from C. Keith Lamonda ("Lamonda"), a federal prisoner and defendant in this action. Based on the relevant filings and applicable law, the motion should be **DENIED**.

In November 2006, the Securities and Exchange Commission filed this civil action against Lamonda and others to enforce the Securities Act of 1933 and the Securities Exchange Act of 1934. (*See* Doc. 1.) On September 3, 2009, the Court entered final judgment against Lamonda. (*See* Doc. 236.) Lamonda moved to proceed *pro se* and terminated his attorney. (*See* Docs. 252 (received Feb. 5, 2010) and 260 (received Mar. 15, 2010).) He then moved to proceed *in forma pauperis*.

Whether to grant or deny an applicant permission to proceed *in forma pauperis* is within the sound discretion of the Court. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988); *see also* 28 U.S.C. § 1915(a). In most cases, this requires assessing the applicant's financial ability to pay a required filing fee without "suffering undue financial hardship." *Prows*, 842 F.2d at 140. Lamonda does not identify any required filing fee that requires an assessment of his financial condition at this time.

Because the *pro se* motion identifies Lamonda as "petitioner/appellant," it could be liberally

construed as a request to proceed *in forma pauperis* on appeal. To the extent it is intended to request *in forma pauperis* status on appeal, the motion is deficient because it contains no affidavit that "claims an entitlement to redress" and "states the issues that the party intends to present on appeal" as required by Fed. R. App. P. 24(a)(1). More significantly, Lamonda has not filed a notice of appeal, and the motion cannot be construed as one. A request to proceed *in forma pauperis* "satisfies the filing requirement for notice of appeal" only when it is filed within the time allotted by Fed. R. App. P. 4(a). *Robbins v. Maggio*, 750 F.2d 405, 408-09 (5th Cir. 1985). It must also "designate the judgment, order, or part thereof being appealed" and "name the court to which the appeal is taken" as required by Fed. R. App. P. 3(c)(1)(B) and (C). *See also Van Wyk El Paso Inv., Inc. v. Dollar Rent-A-Car Sys., Inc.*, 719 F.2d 806, 807 (5th Cir. 1983) (to be construed as a notice of appeal, a motion must satisfy the requirements of Fed. R. App. P. 3 and timely notify the Court or opposing counsel of an intent to appeal). Lamonda's motion was not filed within sixty days of the September 2009 judgment, and it does not provide notice of an intent to appeal or comply with Rule 3.

The motion to proceed *in forma pauperis* (doc. 264) should be **DENIED**.

**SO RECOMMENDED on this 13th day of April, 2010.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE